SUMMARY ORDER

Petitioners Voc Kumbullaj and Pashko Kumbullaj, natives and citizens of Albania, seek review of the April 3, 2008 order of the BIA affirming the May 18, 2006 decision of Immigration Judge (“IJ”) Douglas B. Schoppert, denying their applications for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Voc Kumbullaj, Pashko Kumbullaj, Nos. A98 975 062/061 (B.I.A. Apr. 3, 2008), aff'g Nos. A98 975 062/061 (Immig. Ct. N.Y. City Apr. 10, 2006). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
Where, as here, the BIA agrees with the IJ’s conclusion that a petitioner is not credible and, without rejecting any of the IJ’s grounds for decision, emphasizes particular aspects of that decision, this Court reviews both the BIA’s and IJ’s opinions— or more precisely, the Court reviews the IJ’s decision including the portions not explicitly discussed by the BIA. Yun-Zui Guan v. Gonzales, 432 F.3d 391, 394 (2d Cir.2005). We review the agency’s factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); see, e.g., Dong Gao v. BIA, 482 F.3d 122, 126 (2d Cir.2007). We review de novo questions of law and the application of law to undisputed fact. See Salimatou Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir.2008).
We find that substantial evidence supports the agency’s adverse credibility determination, where the agency noted several omissions and inconsistencies in the record. Zhou Yun Zhang v. INS, 386 F.3d 66, 74 (2d Cir.2004) (internal quotation marks omitted), overruled in pari on *369 other grounds by Shi Liang Lin v. U.S. Dep’t of Justice, 494 F.3d 296, 305 (2d Cir.2007). The agency properly noted inconsistencies and material omissions concerning: (1) whether Voc gave a speech at a rally in October 2003; (2) whether Pash-ko lost consciousness after the attack in October 2003; (3) whether Pashko was able to walk home after the attack in October 2003; (4) the date the Kumbullajs left their home and went to live with their uncle; and (5) the date Voc was hit with a metal object. Despite the Petitioners’ argument that any omissions were not material and did not go to the heart of their claims, specific details about their alleged past persecution relate to the heart of their claims for relief where the details relate to whether any harm actually occurred. Zhang, 386 F.3d at 74; see Tu Lin v. Gonzales, 446 F.3d 395, 402 (2d Cir.2006) (internal citations omitted) (“[E]ven where an IJ relies on discrepancies or lacunae that, if taken separately, concern matters collateral or ancillary to the claim, ... the cumulative effect may nevertheless be deemed consequential by the fact-finder.”); see also Liang Chen v. U.S. Att’y Gen., 454 F.3d 103, 106-107 (2d Cir.2006) (“[A]n IJ need not consider the centrality vel non of each individual discrepancy or omission” and can instead “rely upon the cumulative impact of such inconsistencies, and may conduct an overall evaluation of testimony in light of its rationality or internal consistency and the manner in which it hangs together with other evidence”). Furthermore, the IJ reasonably found unconvincing the Petitioners’ explanations for the inconsistencies. See Majidi v. Gonzales, 430 F.3d 77, 80-81 (2d Cir.2005) (the agency need not credit an applicant’s explanations for inconsistent testimony unless those explanations would compel a reasonable fact-finder to do so).
Similarly, the agency properly based its adverse credibility determination on its finding that it was implausible that Voc was able to give a speech to 1,000 people •without a microphone, given his speech impairment and his inability to speak above a whisper. See Wensheng Yan v. Mukasey, 509 F.3d 63, 67 (2d Cir.2007) (where the reasons for the IJ’s incredulity are “evident,” the implausibility finding is supported by substantial evidence). Accordingly, the agency’s adverse credibility determination is supported by substantial evidence.
As the Kumbullajs’ asylum, withholding of removal, and CAT claims were entirely dependent on the allegations the IJ found not credible, the IJ properly denied the claims. See Paul v. Gonzales, 444 F.3d 148, 155-56 (2d Cir.2006). Moreover, as the agency’s adverse credibility finding related to the claim of past persecution, this Court need not address the Petitioners’ argument that the BIA abused its discretion when it noted that the Democratic Party was the current ruling party in Albania, because it relates to the claim the IJ found not credible. Cf. Hoxhallari v. Gonzales, 468 F.3d 179, 186-87 (2d Cir.2006) (finding no need to assess the reasonableness of an IJ’s credibility determination in light of the IJ’s finding that changed country conditions made the applicant ineligible for asylum and withholding of removal).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).